DOMENGEAUX, Judge.
By this suit on an open account, plaintiff City of Eunice seeks recovery of the sum of $8,593.98 from defendant, Sam Young, for natural gas provided by plaintiff to defendant in the months of September, October, and November of 1979. Defendant filed a third party demand against Eastgate Corporation alleging, alternatively in the event of an adverse judgment that Eastgate was liable to him for the amount claimed by the City.[1] Evidently, (the record is not clear) defendant also filed a separate suit against Eastgate seeking the same relief sought in his third party demand in this suit. It appears defendant’s third party demand and the separate suit were consolidated and tried separately, the result of. *458 which is not made part of this record. Therefore, on appeal we concern ourselves solely with plaintiff’s principal demand on open account.
After trial on the merits, judgment was rendered in favor of plaintiff and against defendant for $8,593.98 plus 7% interest from date of judicial demand, together with attorney’s fees in the amount of $1,500.00 and costs. Defendant appeals. We affirm.
At trial plaintiff introduced evidence establishing that it provided gas to defendant for the months in question. Earl Roger, plaintiff’s gas department clerk, testified concerning defendant’s gas bill, and in conjunction with his testimony plaintiff introduced the gas receipts for September, October, and November of 1979. The testimony of Mr. Roger and the receipts clearly show that defendant owes plaintiff the amount sued upon. Defendant offered no defense to plaintiff’s claim. We can only assume that defendant chose to rely on his third party demand which presumably was consolidated with the other suit. In view of the above, we find no error in the trial court’s ruling casting defendant in judgment for the amount claimed.
Nor will we disturb the trial court’s award of attorney’s fees. That award is based on La.R.S. 9:2781 which provides for reasonable attorney fees in suits on open account. We cannot say the $1,500.00 award, in this case, is unreasonable.
Inasmuch as defendant’s third party demand was consolidated with his other case and separately tried, we express no opinion thereon.
For the above and foregoing reasons the judgment of the district court granting judgment on plaintiff’s open account suit in the amount of $8,593.98, plus interest and costs, in addition to $1,500.00 attorney fees, is hereby affirmed.
AFFIRMED.

. Young alleges in his third party demand that Eastgate, while laying telephone lines or cables for South Central Bell, cut or damaged the natural gas pipeline on his property, whereby he was billed for gas that he was not actually using.